IN THE
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

MAY 10 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) No. 03 CR 928 |
| v. | ) Judge Milton I. Shadur |
| | ) |
| PAUL GIANAMORE AND | ) |
| RYAN EVANS | ) |

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO: Thomas Szromba
Assistant United States Attorney
219 S. Dearborn Street, 5th Floor
Chicago, IL 60604

Please take notice that on this 10th day of May, 2004, the undersigned filed the following document(s) in the above-captioned cause, a copy of which is attached hereto.

— DEFENDANT RYAN D. EVANS' PROPOSED JURY INSTRUCTIONS

JOHN F. MURPHY
FEDERAL DEFENDER PROGRAM
55 East Monroe Street, Suite 2800
Chicago, IL 60603
312\621-8343

STATE OF ILLINOIS )
) SS:
COUNTY OF COOK )

I, Mark Tighe, state that on the 10th day of May, 2004, I caused copies of the foregoing Notice of Filing to be hand delivered to the U.S. Attorney's Office, and to also be served upon all other counsel herein above-named by hand-delivery or by depositing copies of said document(s) in the United States Mail.

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FILED

MAY 10 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 CR 928 |
| | ) | Judge Milton I. Shadur |
| PAUL GIANAMORE and | ) | |
| RYAN EVANS, | ) | |
| Defendants. | ) | |

Defendant RYAN D. EVANS, by the Federal Defender Program and its attorneys JOHN F. MURPHY and DANIEL G. MARTIN, respectfully submits the attached proposed jury instructions.

    Respectfully Submitted,

    FEDERAL DEFENDER PROGRAM
    Terence F. MacCarthy
    Executive Director

By: /s/ John F. Murphy
    John F. Murphy
    Daniel G. Martin
    Attorneys for Mr. Evans

FEDERAL DEFENDER PROGRAM
55 East Monroe Street
Suite 2800
Chicago, IL 60603
(312)621-8300

Count One charges the defendants with participating in a conspiracy to commit securities fraud. A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. To sustain the charge of conspiracy as charged in Count One, the government must prove the following propositions beyond a reasonable doubt:

First, that the conspiracy as charged in Count One existed;

Second, that the defendant knowingly became a member of the conspiracy with an intention to further the conspiracy; and

Third, that an overt act was committed by at least one conspirator in furtherance of the conspiracy.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of Count One.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Count One.

A conspiracy may be established even if its purpose was not accomplished.

It is not necessary that all the overt acts charged in the indictment be proved, and the overt act proved may itself be a lawful act.

The government must prove beyond a reasonable doubt that the defendant was aware of the common purpose and was a willing participant.

The indictment charges that the conspiracy had two objects. In order to convict, you must be unanimous as to the object or objects of the conspiracy on which the defendants agreed.

DEFENDANTS' INSTRUCTION NO. 1 (to replace Government 17)

Seventh Circuit Committee (1999) 5.08; *Griffin v. United States*, 502 U.S. 46, 60 (1991).

Counts Two Through Five charge the defendants with committing securities fraud in violation of Section 10(b) of the Securities Exchange Act of 1934, which is codified at Title 15, United States Code, Section 78j(b), and in violation of section 32 of the Securities Exchange Act of 1934, which is codified at Title 15, United States Code, section 78ff(a). Section 10(b) provides in pertinent part:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or any facility of any national securities exchange . . .
>
> (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, a manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange Commission] may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Section 32, in pertinent part, makes it a criminal offense when a person "willfully" violates any provision of the Act or a regulation prescribed under the authority of the Act.

The relevant portion of the regulations that the United States Securities and Exchange Commission, which is commonly known as the "SEC," enacted under the authority of Section 10 is Rule 10b-5. That rule reads as follows:

> It shall be unlawful for any person, directly or indirectly, by use of any means or instrumentality or interstate commerce or of any facility of any national securities exchange,
>
> (a) To employ any device, scheme or artifice to defraud . . . or
>
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

DEFENDANTS' INSTRUCTION NO. 2 (to replace government 19)

15 U.S.C. § 78j(b); 15 U.S.C. §78ff(a);17 C.F.R. § 240.10b-5.

In order to meet its burden of proof with respect to the charges contained in Counts Two through Five, the government must establish beyond a reasonable doubt the following elements of the crime of securities fraud:

First, that in connection with the purchase or sale of the securities of the companies identified in those counts, the defendant knowingly did one or more of the following:

(A) employed a device, scheme or artifice to defraud, or

(B) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

Second, that the defendant knowingly acted with an intent to defraud.

Third, that the defendant acted willfully.

Fourth, that the defendant knowingly used, or caused to be used, any means or instrumentality of transportation or communication in interstate commerce or any facility of any national securities exchange, in furtherance of the fraudulent conduct.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt as to a count, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt as to a count, then you should find the defendant not guilty of that count.

DEFENDANTS' INSTRUCTION NO. 3 (to replace government 20)

Leonard B. Sand, et al., 3 *Modern Federal Jury Instructions, Criminal* Instr. 57-21 (2003) (modified); 15 U.S.C. § 78ff(a).

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and intentionally, with the specific intent to do something the law forbids; that is, with bad purpose either to disobey or disregard the law. A defendant acts willfully when he knows that the conduct in which he was engaged was unlawful.

DEFENDANTS' INSTRUCTION NO. 4

Ratzlaf v. United States, 510 U.S. 135, 149 (1994); 11th Circuit Pattern Instruction No. 9.1.

A "device" is an invention, a contrivance, or the result of some plan or design.

A "scheme" is a design or a plan formed to accomplish some purpose.

An "artifice" is an ingenious contrivance or plan of some kind.

There is nothing about the terms "device,' "scheme," or "artifice" which in themselves imply anything fraudulent. The terms are plain English words that are neutral.

A "device, scheme or artifice to defraud" as used in these instructions, however, means the forming of some invention, contrivance, plan, or design to trick or to deceive in order to obtain money or something of value.

You need not find a defendant actually participated in any securities transaction if the defendant was engaged in fraudulent conduct that was "in connection with" a purchase or sale. The "in connection with" aspect of this element is satisfied if you find there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities purchase or sale.


DEFENDANTS' INSTRUCTION NO. 5 (to replace government 21)

From Leonard B. Sand, et al., 3 *Modern Federal Jury Instructions, Criminal*, Instr. 57-22 and O'Malley, *et al.*, 2B *Federal Jury Practice and Instructions* §62.13; *see also United States v. O'Hagan*, 521 U.S. 642, 655-56 (1997).

The specific "device, scheme or artifice," and "act, practice or course of business" that the defendants are charged with employing in Counts Two through Five is known as "insider trading."




DEFENDANTS' INSTRUCTION NO. 6 (to replace government 22).

From Leonard B. Sand, et al., 3 *Modern Federal Jury Instructions, Criminal*, Instr. 57-24.

Persons who are corporate officers, directors and controlling shareholders are considered "insiders" for purposes of this rule. In addition, a person will be forbidden to buy or sell securities of a company if the government establishes that he had assumed a special confidential relationship affording him access to material confidential information intended to be available only for a corporate purpose and not for his personal benefit.

For the government to establish that Defendant Paul Gianamore was forbidden from trading, or causing another to trade, the securities in question, it must show that he agreed to keep material corporate information confidential.

In this regard, you are instructed that a mere working relationship is not sufficient to satisfy this element by imposing insider status on Defendant Gianamore. In order for him to be an insider, the nature of the relationship must be one of trust and confidence.


DEFENDANTS' INSTRUCTION NO. 7 (to replace government 23)

From Leonard B. Sand, et al., 3 *Modern Federal Jury Instructions, Criminal*, Instr. 57-24. *See also United States v. O'Hagan*, 521 U.S. 642, 651-52 (1997).

If you find that Paul Gianamore had a fiduciary or other relationship of trust and confidence with Credit Suisse First Boston and/or certain of its clients, then you must next consider whether Gianamore breached that duty by communicating material, nonpublic information to Ryan Evans, in breach of Gianamore's duty to keep such information confidential.

In order to find that Paul Gianamore did breach his duties to Credit Suisse First Boston and/or certain of its clients, you must determine whether Gianamore received or intended to receive a direct or indirect personal benefit from giving the insider information to Ryan Evans. You must also find damage or injury to CSFB as a result of Gianamore's giving insider information to Ryan Evans.

DEFENDANTS' INSTRUCTION NO. 8 (to replace government 25)

*SEC v. Yun*, 327 F.3d. 1263, 1276-77 (11th Cir. 2003); *United States v. O'Hagan*, 521 U.S. 642, 652 (1997) ("Under this theory, a fiduciary's undisclosed, self-serving use of a principal's information to purchase or sell securities, in breach of a duty of loyalty and confidentiality, defrauds the principal of the exclusive use of that information.").

The defendant Ryan Evans is charged with receiving inside information and using it for his own benefit even though he himself did not personally owe any duty of trust or confidence to Credit Suisse First Boston.

In order to find that Evans was forbidden to buy or sell the securities in question, you must find that he knowingly participated in such a breach of trust and confidence by another person to whom non-public and confidential information had been entrusted. Here, the government must establish that the person from whom Evans allegedly received the information violated a trust relationship by making such disclosures to Evans. The government also must prove that Evans knew that the person from whom he received the confidential information had violated a trust relationship.

DEFENDANTS' INSTRUCTION NO. 9 (to replace government 26)

15 U.S.C. §78ff(a); *United States v. Libera*, 989 F.2d 596, 600 (2d Cir. 1993); *United States v. Chestman*, 947 F.2d 551, 570 (2d Cir. 1991) (*en banc*).

The government must prove a causal relationship between the material, nonpublic information and any trade allegedly executed by Ryan Evans. That is, the government must prove that Evans purchased or sold securities because of the material, nonpublic information that he knowingly possessed. It is not sufficient that the government proves that Ryan Evans purchased stock while knowingly in possession of the material nonpublic information.

GOVERNMENT INSTRUCTION NO. 10 (to replace government 27)

*United States v. Smith*, 155 F.3d 1051 (9th Cir. 1998); see *SEC v. Lipson*, 278 F.3d 656, 660 (7th Cir. 2002) (acknowledging the authority of *Smith*).

The third and final element that the Government must prove beyond a reasonable doubt is that the defendants knowingly used, or caused to be used, any instrumentalities of interstate commerce or used, or caused to be used, any facility of a national securities exchange in furtherance of their fraudulent conduct.

The term "instrumentalities of interstate commerce" means instruments, devices, and means of conducting trade, commerce, transportation, or communication among any two states. Instrumentalities of interstate commerce include the use of a telephone or any other instrument used to conduct interstate communication, including interstate electronic communication between computers over the Internet.

The Government need not prove that the defendants directly or personally were involved in any use of an instrumentality of interstate commerce or of any facility of a national securities exchange. It is enough if you find that a defendant, by his acts, directly or indirectly, initiated the steps, or aided, abetted, counseled, or induced others to initiate steps, that resulted in a chain of cause and effect resulting in the use of an instrumentality of interstate commerce or of a facility of a national securities exchange.


DEFENDANTS' INSTRUCTION NO. 11 (to replace government 28)
From Leonard B. Sand, et al., 3 *Modern Federal Jury Instructions, Criminal*, Instr. 57-26 (modified).

Counts Six through Eight charge defendants with securities fraud in violation of Title 15, United States Code, Sections 78n(e) and 78ff(a), and Securities and Exchange Commission Rule 14e-3, which was promulgated thereunder. Section 78n(e) provides as follows:

> It shall be unlawful for any person to ... engage in any fraudulent, deceptive or manipulative acts or practices, in connection with any tender offer. The [Securities and Exchange] Commission shall, for the purposes of this subsection, by rules and regulations define, and prescribe means reasonably designed to prevent, such acts and practices as are fraudulent, deceptive or manipulative.

As noted earlier, Section 78ff(a), in pertinent part, makes it a criminal offense when a person "willfully" violates any provision of the Act or a regulation prescribed under the authority of the Act.

Rule 14e-3 provides in pertinent part as follows:

> If any person has taken a substantial step or steps to commence, or has commenced, a tender offer [called, "the offering person"], it shall constitute a fraudulent, deceptive or manipulative act or practice within the meaning of [the statute I just read to you] for any other person who is in possession of material information relating to such tender offer which information he knows ... is nonpublic and which he knows ... has been acquired directly or indirectly from:
>
> (1)   The offering person,
>
> (2)   The issuer of the securities sought or to be sought by such tender offer, or
>
> (3)   Any officer, director, partner or employee or any other person acting on behalf of the offering person or such issuer,

> to purchase or sell or cause to be purchased or sold any of such securities . . . unless within a reasonable time prior to any purchase or sale such information and its source are publicly disclosed by press release or otherwise.

Accordingly, when referring to these provisions, the term "offering person" means the company making the tender offer and the term "issuer of the securities" means the company whose securities the offering person is seeking to purchase.

DEFENDANTS' INSTRUCTION NO. 12 (to replace government 29)

15 U.S.C. §§78n(e), 78ff(a); 15 C.F.R. § 240.14e-3(a).

To find the defendants guilty of any of Counts Six through Eight, you must find that the government has proven the following elements beyond a reasonable doubt:

First, that by the date charged in the Count of the Indictment that you are considering, a substantial step or steps had been taken to commence a tender offer involving the issuer of the security specified in that count of the Indictment;

Second, that by the date charged in the Count of the Indictment that you are considering, the defendant was in possession of material, nonpublic information relating to the specific tender offer at issue;

Third, that the defendant knew this information was nonpublic information relating to a tender offer;

Fourth, that the information had been acquired directly or indirectly from the offering person; or from the issuer of the securities; or from an officer, director, employee or other person acting on behalf of the offering person or the issuer;

Fifth, that the defendant knew that the information he possessed had been acquired directly or indirectly from the offering person; or from the issuer of the securities; or from an officer, director, employee or other person acting on behalf of the offering person or the issuer;

Sixth, that the defendant purchased or sold, or caused to be purchased or sold, the specified security while in possession of the material, nonpublic information; and

Seventh, that the defendant did so knowingly, intentionally, and willfully, as I have previously defined those terms for you.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt as to a count, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt as to a count, then you should find the defendant not guilty of that count.

DEFENDANTS' INSTRUCTION NO. 13 (to replace government 31)

*See* Leonard B. Sand, *et al.*, 3 *Modern Federal Jury Instructions, Criminal* (2003) (commentary to Instr. 57-24 at p. 57-91 - 57-93) (modified).

If you find Mr. Gianamore not guilty as to any of Counts 2 through 5, then you must find Mr. Evans not guilty as to any of those same counts.

DEFENDANTS' INSTRUCTION NO. 14

*Dirks v. SEC*, 463 U.S. 646, 662 (1983).