Evans + Blanamore    JURY INSTRUCTIONS    03CR928

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, sex or physical appearance.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

FILED

MAr 1 3 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

49

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

2

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives we often look at one fact and conclude from it that another fact exists. In law we call this an inference. A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

3

You have heard recorded conversations. These recorded conversations are proper evidence and you may consider them just as any other evidence.

When the recordings were played during the trial, you were furnished transcripts of the recorded conversations.

The recordings are the evidence, and the transcripts were provided to you only as a guide to help you follow as you listen to the recordings. The transcripts are not evidence of what was actually said or who said it. It is up to you to decide whether the transcripts correctly reflect what was said and who said it. If you noticed any difference between what you heard on the recordings and what you read in the transcripts you must rely on what you heard, not what you read. And if after careful listening you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

I am providing you with the ability to play the recordings. You are not required to play the recordings, in part or in whole. You may rely instead on your recollections of these recordings as you heard them at trial. If you do decide to listen to a recording and wish to have the transcript corresponding to that recording, ask the courtroom security officer in writing and the transcript will be given to you. You may instead choose to listen to a recording without the transcript.

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime that has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts that tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

Certain things are not evidence. I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced by any objection or by my ruling on it.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things, the witness' intelligence; the ability and opportunity the witness had to see, hear or know the things that the witness testified about; the witness' memory; any interest, bias or prejudice the witness may have; the manner of the witness while testifying; and the reasonableness of the witness' testimony in light of all the evidence in the case.

A defendant has an absolute right not to testify. The fact that either defendant did not testify should not be considered by you in any way in arriving at your verdict.

It is proper for an attorney to interview any witness in preparation for trial.

Each count of the indictment charges each defendant with having committed a separate offense.

Each count and the evidence relating to it should be considered separately, and a separate verdict should be returned as to each count and each defendant. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count, nor should your verdict of guilty or not guilty as to either defendant control your decision as to the other defendant.

Each defendant is presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome as to any charge unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant whom you are considering is guilty as charged. The government has the burden of proving the guilt of each defendant as to whatever charge you are considering beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. A defendant is never required to prove his innocence or to produce any evidence at all.

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

Any person who knowingly aids, counsels, commands, induces or procures the commission of an offense may be found guilty of that offense. The person must knowingly associate with the criminal activity, participate in the activity and try to make it succeed.

If a defendant knowingly caused the acts of another, that defendant is responsible for those acts as though he personally committed them.

13

When the word "knowingly" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident. Knowledge may be proved by the defendant's conduct and by all the facts and circumstances surrounding the case.

The element of knowledge may be satisfied by inferences drawn from proof that a defendant deliberately closed his eyes to what would otherwise have been obvious to him. A finding beyond a reasonable doubt of a conscious purpose to avoid enlightenment would permit an inference of knowledge. Stated another way, a defendant's knowledge of a fact may be inferred from willful blindness to the existence of the fact. It is entirely up to you as to whether you find any deliberate closing of the eyes, and the inference to be drawn from any such evidence. A showing of negligence or mistake is not sufficient to support a finding of willfulness or knowledge.

14

The indictment in this case is the formal method of accusing the defendants of offenses and placing the defendants on trial. It is not evidence against the defendants and does not create any inference of guilt.

Count One of the indictment charges defendants Paul A. Gianamore and Ryan D. Evans with conspiring to commit securities fraud in connection with the purchase and sale of securities in violation of Section 10(b) of the Securities and Exchange Act of 1934, and to commit securities fraud in connection with tender offers in violation of Section 14(e) of the Securities and Exchange Act of 1934. This latter provision is known as the Williams Act.

Counts Two, Three, Four and Five charge defendants with actually committing securities fraud in violation of Section 10(b) of the Securities and Exchange Act by engaging in insider trading in the stocks of Jostens, Inc., Charter PLC, Hussman International, Inc. and Burns International Services Corporation while in possession of material nonpublic information.

Counts Six, Seven and Eight charge defendants with actually committing securities fraud in violation of the Williams Act by engaging in fraud in connection with tender offers involving the stocks of Charter PLC, Hussman International, Inc. and Burns International Services Corporation.

Each defendant has pleaded not guilty to each of these charges.

The indictment charges that certain offenses were committed "on or about" certain dates. The government must prove that the offenses in question happened reasonably close to those dates but is not required to prove that the alleged offenses happened on or within the exact dates listed in the indictment.

Count One charges defendants with participating in a conspiracy to commit securities fraud. A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. To sustain the charge of conspiracy as charged in Count One as to either defendant, the government must prove the following propositions beyond a reasonable doubt:

First, that the conspiracy as charged in Count One existed; ➤ n.o.

Second, that the defendant whom you are considering knowingly became a member of the conspiracy with an intention to further the conspiracy; and   yes

Third, that an overt act was committed by at least one conspirator in furtherance of the conspiracy.   yes

The indictment charges that the conspiracy had two objects, which are respectively found at Paragraphs 2.a and 2.b of Count One. In order to convict, you must be unanimous as to the object or objects of the conspiracy on which the defendants agreed.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt as to a defendant, then you should find that defendant guilty of Count One.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt as to a defendant, then you should find that defendant not guilty of Count One.

It is not necessary that all the overt acts charged in the indictment be proved, and the overt act proved may itself be a lawful act.

The government must prove beyond a reasonable doubt that the defendant whom you are considering was aware of the common purpose and was a willing participant.

17

Circumstantial evidence may be used to demonstrate both the conspiracy and a defendant's participation in the conspiracy. The government may establish the elements of a conspiracy through circumstantial evidence and the reasonable inferences therein concerning the parties' relationships and conduct. A defendant's participation in a conspiracy may be established solely by circumstantial evidence.

If you find that there is evidence of telephone calls to and from telephone numbers associated with co-conspirators, you may but are not required to infer that they were in telephonic contact with each other, and if you further find that such telephone calls were made around the time of an event that takes place in furtherance of the conspiracy, you may but are not required to infer that the co-conspirators communicated with each other for purposes of furthering the criminal conspiracy.

In order to meet its burden of proof with respect to the charges contained in any of Counts Two through Five, the government must establish beyond a reasonable doubt the following elements of the crime of securities fraud as to the defendant whom you are considering:

First, that in connection with the purchase or sale of the securities of the company identified in the count you are considering, the defendant employed a device, scheme or artifice with the intent to defraud.

Second, that the defendant whom you are considering acted willfully; meaning that the defendant acted knowingly and deliberately. In this regard, the government need not prove that the defendant knew that his actions violated a particular law.

Third, that the defendant whom you are considering knowingly used, or caused to be used, any means or instrumentality of transportation or communication in interstate commerce or any facility of any national securities exchange in furtherance of the fraudulent conduct.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt as to a count, then you should find the defendant whom you are considering guilty of that count.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt as to a count, then you should find the defendant whom you are considering not guilty of that count.

19

A "device, scheme or artifice to defraud" is a plan for the accomplishment of any fraudulent objective.

You need not find a defendant actually participated in any securities transaction if the defendant was engaged in fraudulent conduct that was "in connection with" a purchase or sale. The "in connection with" aspect of this element is satisfied if you find there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.

In this regard, the "in connection with" aspect is satisfied if you find that an employee misappropriated confidential information from his employer or from his employer's clients for the purpose of obtaining, or of causing another to obtain, an advantage in securities trading.

20

The specific "device, scheme or artifice" that the defendants are charged with employing in Counts Two through Five is known as "insider trading." An "insider" is one who comes into possession of material, confidential, non-public information about a stock by virtue of a business relationship that involves trust and confidence. When a person has such "inside information" and his position of trust or confidence prevents him from disclosing that information, the law forbids him from buying or selling the securities in question or causing others to trade in such securities on the basis of that information. Similarly, the law forbids a person who receives such material, confidential, non-public information about a stock as a result of another's disclosure of it from trading on the basis of that information.

21

In addition to prohibitions imposed upon persons who are corporate officers, directors and controlling shareholders, a person will be forbidden to buy or sell securities of a company if the government establishes that he had assumed a special confidential relationship affording him access to material confidential information intended to be available only for a corporate purpose and not for his personal benefit. Thus it is the confidential nature of the relationship that determines whether a person is an insider, and not merely the title he holds.

Under the circumstances of this case, if you find that Paul Gianamore, in his capacity as a financial analyst working at Credit Suisse First Boston, became involved in the conduct of any of the companies whose securities are identified in Counts Two through Five and gained access to material, confidential information while working in that capacity, you may also find that he was an "insider" as to that company and that he therefore owed a duty to Credit Suisse First Boston, that company, and its shareholders not to benefit from the use of the material confidential information.

For the government to establish that Paul Gianamore was forbidden from trading, or causing another to trade, the securities in question, it must show that he was expected to keep the material corporate information confidential and that he was aware of that expectation. In that regard you are instructed that a mere working relationship is not sufficient to satisfy this element by imposing insider status on defendant Gianamore. In order for him to be an insider, the nature of the relationship must be one of trust and confidence.

In considering this element you must also determine whether the confidential information in question is a material fact. A material fact is one that would have been significant to a reasonable investor's investment decision.

23

If you find that Paul Gianamore had a fiduciary or other relationship of trust and confidence with Credit Suisse First Boston or certain of its clients or both, then you must next consider whether Gianamore breached that duty by communicating material, nonpublic information to Ryan Evans, in breach of Gianamore's duty to keep such information confidential.

If you find that Paul Gianamore did breach his duties to Credit Suisse First Boston or certain of its clients or both, you must then determine whether Gianamore received a direct or indirect personal benefit from giving the insider information to Ryan Evans. In deciding whether Gianamore received such a benefit, you may consider among other things whether Gianamore gave the information to Evans in exchange for a share of the profits expected to be gained from the illegal trades, but you may also find that Gianamore received a direct or indirect personal benefit from giving the inside information if you find that Gianamore gave the information to Evans as a gift in connection with their personal friendship.

24

Defendant Ryan Evans is charged with receiving inside information and using it for his own benefit even though he himself did not personally owe any duty of trust or confidence to Credit Suisse First Boston.

In order to find that Evans was forbidden to buy or sell the securities in question, you must find that he knowingly participated in such a breach of trust and confidence by another person to whom non-public and confidential information had been entrusted. Here the government must establish that the person from whom Evans allegedly received the information violated a trust relationship by making such disclosures to Evans. The government also must prove that Evans knew that the person from whom he received the confidential information had violated a trust relationship.

25

The government has the burden of proving that the securities transactions executed by Ryan Evans that are referred to in whichever count of the indictment you are considering were influenced by material, nonpublic information that he knowingly possessed -- in other words, the burden of proving that such material, nonpublic information played a causal role in Evans' decisions to buy or sell the shares in the amounts and when he did.

The third and final element that the government must prove beyond a reasonable doubt is that the defendant whom you are considering knowingly used, or caused to be used, any instrumentalities of interstate commerce or used, or caused to be used, any facility of a national securities exchange in furtherance of his fraudulent conduct.

The term "instrumentalities of interstate commerce" means instruments, devices and means of conducting trade, commerce, transportation or communication among any two states. Instrumentalities of interstate commerce include the use of a telephone or any other instrument used to conduct interstate communication, including interstate electronic communication between computers over the Internet.

The government need not prove that a defendant directly or personally was involved in any use of an instrumentality of interstate commerce or of any facility of a national securities exchange. It is enough if you find that a defendant, by his acts, directly or indirectly initiated the steps, or aided, abetted, counseled or induced others to initiate steps, that resulted in a chain of cause and effect resulting in the use of an instrumentality of interstate commerce or of a facility of a national securities exchange. This could include placing an interstate order with a brokerage firm to buy or sell a security.

To find the defendant whom you are considering guilty of any of Counts Six through Eight, you must find that the government has proved the following elements beyond a reasonable doubt:

First, that by the date charged in the Count of the Indictment that you are considering, a substantial step or steps had been taken to commence a tender offer involving the issuer of the security specified in that count of the Indictment;

Second, that by the date charged in the Count of the Indictment that you are considering, the defendant whom you are considering was in possession of material, nonpublic information relating to the specific tender offer at issue;

Third, that the defendant knew that information was nonpublic;

Fourth, that the information had been acquired directly or indirectly from the offering person, or from the issuer of the securities, or from an officer, director, employee or other person acting on behalf of the offering person or the issuer;

Fifth, that the defendant knew that the information he possessed had been acquired directly or indirectly from the offering person, or from the issuer of the securities, or from an officer, director, employee or other person acting on behalf of the offering person or the issuer;

Sixth, that the defendant purchased or sold, or caused to be purchased or sold, the specified security while in possession of the material, nonpublic information; and

Seventh, that the defendant did so knowingly and willfully, and not as a result of innocent mistake, negligence or inadvertence.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt as to a count, then you should find the defendant whom you are considering guilty of that count.

If, on the other hand, you find from your consideration of all of the evidence that any of these

propositions has not been proved beyond a reasonable doubt as to a count, then you should find the defendant whom you are considering not guilty of that count.

The first element the Government must prove beyond a reasonable doubt is that a substantial step or steps had been taken to commence a tender offer involving the issuers of the securities specified in whichever of Counts Six through Eight you are considering: Charter PLC, Hussmann International, and Burns International.

"Substantial steps" for purposes of this statute are just that — substantial acts taken towards the making of a tender offer. They include the formulation of a plan or proposal to make a tender offer. However, there must be more than a mere desire to make such a tender offer. There must be significant acts taken in an attempt to achieve the goal of making a tender offer. It is not necessary that you find that a defendant knew that substantial steps had been taken. It is enough that you find one or more substantial steps were in fact taken.

The second element that the Government must prove beyond a reasonable doubt is that the defendant whom you are considering possessed material, nonpublic information relating to the tender offer at issue at the time of the transaction listed in the Count of the Indictment you are considering.

To satisfy this element, the Government must prove beyond a reasonable doubt that the defendant possessed, or knew of, material information relating to a tender offer at the time he traded or caused another to trade in the specified securities. It is not necessary, however, for you to find that the defendant knew that the material information he possessed, or knew of, related specifically to a tender offer. It is enough if you find that the information did in fact relate to a tender offer.

The definition of "material" is the same here as it was in Counts Two through Five, which I have already explained to you.

31

The third, fourth and fifth elements that the government must prove beyond a reasonable doubt are that the defendant whom you are considering knew that the information was nonpublic, that the information had been acquired either directly or indirectly from the offering person, the issuer of the securities, or from an officer, director or other person acting on behalf of the offering person or issuer, and that the defendant knew that the information had been acquired from one of those sources.

Nonpublic, or confidential, information has the same meaning in connection with Counts Six through Eight as it did in connection with Counts Two through Five -- it is information that is not generally available to the public. If you find that the defendant whom you are considering possessed material information relating to the tender offer at issue in the Count you are considering, you must determine from the evidence whether or not the defendant knew that information was nonpublic.

When referring to these provisions, the term "offering person" means the company making the tender offer and the term "issuer of the securities" means the company whose securities the offering person is seeking to purchase.

In addition, you must determine whether the defendant knew that the information had as its original source the offering person, the issuer of the securities, or an officer, director or other person acting on behalf of the offering person or issuer. The mere receipt of information concerning a possible tender offer is not sufficient to establish that a defendant is guilty of any of Counts Six through Eight. The government must prove that the defendant knew the source of the information was one of the parties to the tender offer or an officer, director or other person acting on behalf of one of those parties.

32

If you find that the government has sustained its burden of proof as to the first five elements of any of Counts Six through Eight, you must next consider the sixth and seventh elements: whether the defendant whom you are considering purchased or sold, or caused the purchase or sale, of the security specified in the Count you are considering and whether the defendant acted knowingly and willfully, which has the same meaning here as it did for Counts Two through Five.

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court. A form of verdict has been prepared for you. [Form of verdict read.] Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the form, and each of you will sign it.

If you find either or both defendants guilty on any charge or charges, it will then be my job to decide what punishment should be imposed. In considering the evidence and arguments that have been given during the trial, you should not guess about the punishment. It should not enter into your consideration or discussions at any time.

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the courtroom security officer.

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

All twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.