UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

SEP 0 2 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA )
)
v. )
)
RYAN D. EVANS )

No. 03 CR 928

Honorable Milton I. Shadur

DOCKETED
SEP 0 2 2004

## PROPOSED JURY INSTRUCTIONS

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States

Attorney for the Northern District of Illinois, respectfully submits the attached proposed jury instructions.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

BY: 

THOMAS W. SZROMBA
JAMES P. FIEWEGER
Assistant U.S. Attorneys
219 S. Dearborn, 5th Floor
Chicago, Illinois 60604
(312) 353-3500

Dated: September 2, 2004

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, sex or physical appearance.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

GOVERNMENT INSTRUCTION NO. 1.

Seventh Circuit Committee (1999) 1.01

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

GOVERNMENT INSTRUCTION NO. 2.

Seventh Circuit Committee (1999) 1.02

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things, the witness' intelligence; the ability and opportunity the witness had to see, hear or know the things that the witness testified about; the witness' memory; any interest, bias or prejudice the witness may have; the manner of the witness while testifying; and the reasonableness of the witness' testimony in light of all the evidence in the case.

GOVERNMENT INSTRUCTION NO. 3.

Seventh Circuit Committee (1999) 1.03

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives we often look at one fact and conclude from it that another fact exists. In law we call this an inference. A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

GOVERNMENT INSTRUCTION NO. 4.

Seventh Circuit Committee (1999) 1.04

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime that has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts that tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

GOVERNMENT INSTRUCTION NO. 5.

Seventh Circuit Committee (1999) 1.05

Certain things are not evidence. I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced by any objection or by my ruling on it.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

GOVERNMENT INSTRUCTION NO. 6.

Seventh Circuit Committee (1999) 1.06

It is proper for an attorney to interview any witness in preparation for trial.

GOVERNMENT INSTRUCTION NO. 7.

Seventh Circuit Committee (1999) 1.07

The indictment in this case is the formal method of accusing Ryan Evans of offenses and placing him on trial. It is not evidence against the defendant and does not create any inference of guilt.

Counts One through Four of the indictment charge defendant Ryan D. Evans with committing securities fraud in violation of Section 10(b) of the Securities Exchange Act of 1934 by engaging in insider trading in the stocks of Jostens, Inc., Charter PLC, Haussmann International, Inc. and Burns International Services Corporation while in possession of material nonpublic information.

Counts Five, Six and Seven charge the defendant with committing securities fraud in connection with tender offers in violation of Section 14(e) of the Securities Exchange Act of 1934. This latter provision is known as the Williams Act.

The defendant has pleaded not guilty to each of these charges.

GOVERNMENT INSTRUCTION NO. 8.

Seventh Circuit Committee (1999) 2.01

The defendant is presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome as to any charge unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The government has the burden of proving the guilt of the defendant as to whatever charge you are considering beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

GOVERNMENT INSTRUCTION NO. 9.

Seventh Circuit Committee (1999) 2.03

A defendant has an absolute right not to testify. The fact that the defendant did not testify should not be considered by you in any way in arriving at your verdict.

GOVERNMENT INSTRUCTION NO. 10.

Seventh Circuit Committee (1999) 3.01

You have heard recorded conversations. These recorded conversations are proper evidence and you may consider them just as any other evidence.

When the recordings were played during the trial, you were furnished transcripts of the recorded conversations.

The recordings are the evidence, and the transcripts were provided to you only as a guide to help you follow as you listen to the recordings. The transcripts are not evidence of what was actually said or who said it. It is up to you to decide whether the transcripts correctly reflect what was said and who said it. If you noticed any difference between what you heard on the recordings and what you read in the transcripts you must rely on what you heard, not what you read. And if after careful listening you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

I am providing you with the ability to play the recordings. You are not required to play the recordings, in part or in whole. You may rely instead on your recollections of these recordings as you heard them at trial. If you do decide to listen to a recording and wish to have the transcript corresponding to that recording, ask the courtroom security officer in writing and the transcript will be given to you. You may instead choose to listen to a recording without the transcript.

GOVERNMENT INSTRUCTION NO. 11.

Seventh Circuit Committee (1999) 3.17

Each count of the indictment charges the defendant with having committed a separate offense.

Each count and the evidence relating to it should be considered separately, and a separate verdict should be returned as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

GOVERNMENT INSTRUCTION NO. 12.

Seventh Circuit Committee (1999) 7.03

The indictment charges that certain offenses were committed "on or about" certain dates. The government must prove that the offenses in question happened reasonably close to those dates but is not required to prove that the alleged offenses happened on or within the exact dates listed in the indictment.

GOVERNMENT INSTRUCTION NO. 13.

Seventh Circuit Committee (1999) 4.04 (modified)

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

GOVERNMENT INSTRUCTION NO. 14.

Seventh Circuit Jury Instructions (1999), 5.05

You should not speculate why any other person whose name you may have heard during the trial is not currently on trial before you.

GOVERNMENT INSTRUCTION NO. 15.

*United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994); *United States v. Iwese*, No. 99 CR 80 (Zagel, J.); *United States v. Gajo*, 98 CR 100 (Gottschall, J.); *United States v. Solis*, 97 CR 814 (Manning, J.); *United States v. Richardson*, 94 CR 187 (Holderman, J.); *United States v. Plescia*, 90 CR 463 (Norgle, J.)

When the word "knowingly" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident. Knowledge may be proved by the defendant's conduct and by all the facts and circumstances surrounding the case.

[The element of knowledge may be satisfied by inferences drawn from proof that a defendant deliberately closed his eyes to what would otherwise have been obvious to him. A finding beyond a reasonable doubt of a conscious purpose to avoid enlightenment would permit an inference of knowledge. Stated another way, a defendant's knowledge of a fact may be inferred from willful blindness to the existence of the fact. It is entirely up to you as to whether you find any deliberate closing of the eyes, and the inference to be drawn from any such evidence. A showing of negligence or mistake is not sufficient to support a finding of willfulness or knowledge.]

GOVERNMENT INSTRUCTION NO. 16.

Seventh Circuit Jury Instructions (1999), 4.06; *United States v. Ramsey*, 785 F.2d 184, 190 n.* (7th Cir. 1986) (quoting 1 Devitt & Blackmar, *Federal Jury Practice and Instructions* § 14.09 (3d ed. 1977)).

Any person who knowingly aids, counsels, commands, induces or procures the commission of an offense may be found guilty of that offense. The person must knowingly associate with the criminal activity, participate in the activity and try to make it succeed.

GOVERNMENT INSTRUCTION NO. 17.

Seventh Circuit Committee (1999) 5.06

To meet its burden of proof with respect to the charges contained in any of Counts One through Four, the government must establish beyond a reasonable doubt the following elements of the crime of securities fraud:

First, that in connection with the purchase or sale of the securities of the company identified in the count you are considering, the defendant employed a device, scheme or artifice with the intent to defraud.

Second, that the defendant acted willfully; meaning that the defendant acted knowingly and deliberately. In this regard, the government need not prove that the defendant knew that his actions violated a particular law.

Third, that the defendant knowingly used, or caused to be used, any means or instrumentality of transportation or communication in interstate commerce or any facility of any national securities exchange in furtherance of the fraudulent conduct.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt as to a count, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt as to a count, then you should find the defendant not guilty of that count.

GOVERNMENT INSTRUCTION NO. 18.

Leonard B. Sand, et al., 3 *Modern Federal Jury Instructions, Criminal* Instr. 57-21 (2003) (modified); 15 U.S.C. § 78ff; *United States v. O'Hagen*, 521 U.S. 642, 665-66 (1997) ("To establish a criminal violation of Rule 10b-5, the Government must prove that a person 'willfully' violated the provision."); Seventh Circuit Committee (1999) 4.09 (Committee Comment).

The "in connection with the purchase or sale of securities" aspect of the first element is satisfied if you find there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.

GOVERNMENT INSTRUCTION NO. 19.

From Leonard B. Sand, et al., 3 *Modern Federal Jury Instructions, Criminal*, Instr. 57-22; *see also United States v. O'Hagan*, 521 U.S. 642, 655-56 (1997).

A "device, scheme or artifice to defraud" as used in the first element is a plan for the accomplishment of any fraudulent objective. The specific "device, scheme or artifice" that the defendant is charged with employing in Counts One through Four is known as "insider trading." An "insider" is one who comes into possession of material, confidential, non-public information about a stock by virtue of a business relationship that involves trust and confidence. When a person has such "inside information" and his position of trust or confidence prevents him from disclosing that information, the law forbids him from buying or selling the securities in question. Similarly, the law forbids a person who receives such material, confidential, non-public information about a stock as a result of another's disclosure of it from trading on the basis of that information.

In this case, defendant Ryan Evans is charged with receiving inside information and using it for his own benefit even though he himself did not personally owe any duty of trust or confidence to Credit Suisse First Boston. The basis for this allegation is that Evans was a "tippee" of inside information and that the law forbade him from trading the securities about which he had inside information because he stood in the same shoes as the person from whom he had obtained the information. In this case, the person from whom the defendant is alleged to have obtained the information is Paul Gianamore.

GOVERNMENT INSTRUCTION NO. 20.

From Leonard B. Sand, et al., 3 *Modern Federal Jury Instructions, Criminal*, Instr. 57-24. *See also*, *United States v. O'Hagen*, 521 U.S. 642, 651-52 (1997) (trading by corporate insider constitutes deception under Rule 10b-5, based on relationship of trust and confidence between shareholders and insiders who obtained confidential information by reason of their position); *United States v. Falcone*, 257 F.3d 226, 229-33 (2d Cir. 2001) (comparing "classical" or "traditional" theory of insider trading with "misappropriation" theory).

Under the law, in addition to prohibitions imposed upon persons who are corporate officers, directors and controlling shareholders, a person will be deemed an insider and will be forbidden to buy or sell securities of a company if the government establishes that he had assumed a special confidential relationship affording him access to material confidential information intended to be available only for a corporate purpose and not for his personal benefit. Thus it is the confidential nature of the relationship that determines whether a person is an insider, and not merely the title he holds.

Under the circumstances of this case, if you find that Paul Gianamore, in his capacity as a financial analyst working at Credit Suisse First Boston, became involved in the conduct of any of the companies whose securities are identified in Counts One through Four and gained access to material, confidential information while working in that capacity, you may also find that he was an "insider" as to that company and that he therefore owed a duty to Credit Suisse First Boston, that company, and its shareholders not to benefit from the use of the material confidential information.

For the government to establish that Paul Gianamore was an insider, it must show that he was expected to keep the material corporate information confidential. In that regard you are instructed that a mere working relationship is not sufficient to satisfy this element by imposing insider status on Gianamore. For him to be an insider, the nature of the relationship must be one of trust and confidence.

GOVERNMENT INSTRUCTION NO. 21.

From Leonard B. Sand, et al., 3 *Modern Federal Jury Instructions, Criminal,* Instr. 57-24. *See also, United States v. O'Hagen,* 521 U.S. 642, 651-52 (1997).

If you find that Paul Gianamore had a fiduciary or other relationship of trust and confidence with Credit Suisse First Boston or certain of its clients or both, then you must next consider whether Gianamore breached that duty by communicating material, nonpublic information to Ryan Evans, in breach of Gianamore's duty to keep such information confidential.

GOVERNMENT INSTRUCTION NO. 22.

*Dirks v. SEC*, 463 U.S. 646, 664 (1983); *see also SEC v. Maio*, 51 F.3d 623, 632-33 (7th Cir. 1995); *SEC v. Yun*, 327 F.3d 1263, 1280 (11th Cir. 2003).

To find that Evans was forbidden to buy or sell the securities in question, you must find that he knowingly participated in such a breach of trust and confidence by the person to whom non-public and confidential information had been entrusted. Here the government must establish that the person from whom Evans allegedly received the information -- alleged to have been Paul Gianamore -- violated a trust relationship by making such disclosures to Evans. The government also must prove that Evans knew or should have known that the person from whom he received the confidential information had violated a trust relationship.

GOVERNMENT INSTRUCTION NO. 23.

Based primarily on Defendants' Instruction No. 9 from 1st trial

*See also* Leonard B. Sand, et al., 3 *Modern Federal Jury Instructions, Criminal,* Instr. 57-24; *see Dirks v. SEC,* 463 U.S. 646, 660 (1983) ("a tippee assumes a fiduciary duty to the shareholders of a corporation not to trade on material nonpublic information only when the insider has breached his fiduciary duty to the shareholders by disclosing the information to the tippee and the tippee knows or should know that there has been a breach"); *Chiarella v. United States,* 445 U.S. 222, 230 n.12 (1980); *United States v. Chestman,* 947 F.2d 551, 565 (2d Cir. 1991) (*en banc*) ("'tippee' liability attaches when an insider has breached his fiduciary duty by disclosing the information to the tippee and the tippee knows or should have known that there has been a breach"); *SEC v. Musella,* 748 F. Supp. 1028, 1038 n.4 (S.D.N.Y. 1989).

The government has the burden of proving that the securities transactions executed by Ryan Evans that are referred to in whichever count of the indictment you are considering were influenced by material, nonpublic information that he knowingly possessed -- in other words, the burden of proving that such material, nonpublic information played a causal role in Evans' decisions to buy or sell the shares in the amounts and when he did.

GOVERNMENT INSTRUCTION NO. 24.

Based on Court's Instruction No. 1 from 1st trial

*But see United States v. Teicher*, 987 F.2d 112, 120 (2nd Cir. 1994) ("[O]ne who trades while knowingly possessing material inside information has an informational advantage over other traders. Because the advantage is in the form of information, it exists in the mind of the trader. Unlike a loaded weapon which may stand ready but unused, material information can not lay idle in the human brain.") *cf. SEC v. Lipson*, 278 F.3d 656, 660 (7th Cir. 2002) (calling the *Teicher* reasoning "sensible").

You must also determine whether the confidential information in question is a material fact. A material fact is one that would have been significant to a reasonable investor's investment decision.

GOVERNMENT INSTRUCTION NO. 25.

From Leonard B. Sand, et al., 3 *Modern Federal Jury Instructions, Criminal*, Instr. 57-24; *Basic, Inc. v. Levinson,* 485 U.S. 224 (1988); *TSC Industries, Inc. v. Northway*, 426 U.S. 430 (1976).

The third and final element that the government must prove beyond a reasonable doubt is that the defendant knowingly used, or caused to be used, any instrumentalities of interstate commerce or used, or caused to be used, any facility of a national securities exchange in furtherance of his fraudulent conduct.

The term "instrumentalities of interstate commerce" means instruments, devices and means of conducting trade, commerce, transportation or communication among any two states. Instrumentalities of interstate commerce include the use of a telephone or any other instrument used to conduct interstate communication, including interstate electronic communication between computers over the Internet.

The government need not prove that the defendant directly or personally was involved in any use of an instrumentality of interstate commerce or of any facility of a national securities exchange. It is enough if you find that the defendant, by his acts, directly or indirectly initiated the steps, or aided, abetted, counseled or induced others to initiate steps, that resulted in a chain of cause and effect resulting in the use of an instrumentality of interstate commerce or of a facility of a national securities exchange. This could include placing an interstate order with a brokerage firm to buy or sell a security.

GOVERNMENT INSTRUCTION NO. 26.

From Leonard B. Sand, et al., 3 *Modern Federal Jury Instructions*, *Criminal*, Instr. 57-26 (modified).

Counts Five through Seven each have a very important difference from the securities fraud charges in Counts One through Four. Unlike Counts One through Four, Counts Five through Seven do not require the Government to establish that someone breached a duty arising out of a relationship of trust and confidence. That is because Rule 14e-3, in situations which I will describe for you, establishes a rule which prohibits trading by anyone in possession of material nonpublic information, if that person knows that the information came from one of the companies involved in a tender offer. Thus, for Counts Five through Seven, it does not matter whether or not you find that Paul Gianamore, breached a duty of trust and confidence that he owed to Credit Suisse First Boston or any of its clients.

However, you should bear in mind that, as in Counts One through Four, the government is still required to prove beyond a reasonable doubt that the information at issue was material, the defendant knew that the information was nonpublic, and that it came from one of the companies involved in the tender offer at issue, or from someone acting on behalf of that company.

GOVERNMENT INSTRUCTION NO. 27.

*See* Leonard B. Sand, *et al.*, 3 *Modern Federal Jury Instructions, Criminal* (2003) (commentary to Instr. 57-24 at p. 57-91 - 57-93).

To find the defendant guilty of any of Counts Five through Seven, you must find that the government has proved the following elements beyond a reasonable doubt:

First, that by the date charged in the Count of the Indictment that you are considering, a substantial step or steps had been taken to commence a tender offer involving the issuer of the security specified in that count of the Indictment;

Second, that by the date charged in the Count of the Indictment that you are considering, the defendant was in possession of material, nonpublic information relating to the specific tender offer at issue;

Third, that the defendant knew that information was nonpublic;

Fourth, that the information had been acquired directly or indirectly from the offering person, or from the issuer of the securities, or from an officer, director, employee or other person acting on behalf of the offering person or the issuer;

Fifth, that the defendant knew that the information he possessed had been acquired directly or indirectly from the offering person, or from the issuer of the securities, or from an officer, director, employee or other person acting on behalf of the offering person or the issuer;

Sixth, that the defendant purchased or sold, or caused to be purchased or sold, the specified security while in possession of the material, nonpublic information; and

Seventh, that the defendant did so knowingly and willfully, and not as a result of innocent mistake, negligence or inadvertence.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt as to a count, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt as to a count, then you should find the

defendant not guilty of that count.

GOVERNMENT INSTRUCTION NO. 28.

*See* Leonard B. Sand, *et al.*, 3 *Modern Federal Jury Instructions, Criminal* (2003) (commentary to Instr. 57-24 at p. 57-91 - 57-93).

The first element the Government must prove beyond a reasonable doubt is that a substantial step or steps had been taken to commence a tender offer involving the issuers of the securities specified in whichever of Counts Five through Seven you are considering: Charter PLC, Hussmann International, and Burns International.

"Substantial steps" for purposes of this statute are just that — substantial acts taken towards the making of a tender offer. They include the formulation of a plan or proposal to make a tender offer. However, there must be more than a mere desire to make such a tender offer. There must be significant acts taken in an attempt to achieve the goal of making a tender offer. It is not necessary that you find that the defendant knew that substantial steps had been taken. It is enough that you find one or more substantial steps were in fact taken.

GOVERNMENT INSTRUCTION NO. 29.

*See United States v. O'Hagan*, 139 F.3d 641, 650 & n.5 (8th Cir. 1998) (affirming charge and rejecting claim that Government was required to prove defendant's knowledge of substantial steps), *aff'd*, 521 U.S. 642 (1997).

The second element that the Government must prove beyond a reasonable doubt is that the defendant possessed material, nonpublic information relating to the tender offer at issue at the time of the transaction listed in the Count of the Indictment you are considering.

To satisfy this element, the Government must prove beyond a reasonable doubt that the defendant possessed, or knew of, material information relating to a tender offer at the time he traded or caused another to trade in the specified securities. It is not necessary, however, for you to find that the defendant knew that the material information he possessed, or knew of, related specifically to a tender offer. It is enough if you find that the information did in fact relate to a tender offer.

The definition of "material" is the same here as it was in Counts One through Four, which I have already explained to you.

GOVERNMENT INSTRUCTION NO. 30.

*See SEC v. Sargent*, 229 F.3d 68, 80 (1st Cir. 2000) ("Rule 14e-3 does not require that a person charged with violating the rule have knowledge that the nonpublic information in his possession relates to a tender offer.")

The third, fourth and fifth elements that the government must prove beyond a reasonable doubt are that the defendant knew that the information was nonpublic, that the information had been acquired either directly or indirectly from the offering person, the issuer of the securities, or from an officer, director or other person acting on behalf of the offering person or issuer, and that the defendant knew that the information had been acquired from one of those sources.

Nonpublic, or confidential, information has the same meaning in connection with Counts Five through Seven as it did in connection with Counts One through Four -- it is information that is not generally available to the public. If you find that the defendant possessed material information relating to the tender offer at issue in the Count you are considering, you must determine from the evidence whether or not the defendant knew that information was nonpublic.

When referring to these provisions, the term "offering person" means the company making the tender offer and the term "issuer of the securities" means the company whose securities the offering person is seeking to purchase.

In addition, you must determine whether the defendant knew that the information had as its original source the offering person, the issuer of the securities, or an officer, director or other person acting on behalf of the offering person or issuer. The mere receipt of information concerning a possible tender offer is not sufficient to establish that a defendant is guilty of any of Counts Five through Seven. The government must prove that the defendant knew the source of the information was one of the parties to the tender offer or an officer, director or other person acting on behalf of one of those parties.

GOVERNMENT INSTRUCTION NO. 31.

Adapted from the charge of Hon. John S. Martin, Jr., in *United States v. Flanagan*, 95 Cr. 105 (JSM) (S.D.N.Y., September 21, 1995).

If you find that the government has sustained its burden of proof as to the first five elements of any of Counts Five through Seven, you must next consider the sixth and seventh elements: whether the defendant purchased or sold, or caused the purchase or sale, of the security specified in the Count you are considering and whether the defendant acted knowingly and willfully, which has the same meaning here as it did for Counts One through Four.

GOVERNMENT INSTRUCTION NO. 32.

Adapted from the charge of Hon. John S. Martin, Jr., in *United States v. Flanagan*, 95 Cr. 105 (JSM) (S.D.N.Y., September 21, 1995).

If you find the defendant guilty on any charge or charges, it will then be my job to decide what punishment should be imposed. In considering the evidence and arguments that have been given during the trial, you should not guess about the punishment. It should not enter into your consideration or discussions at any time.

GOVERNMENT INSTRUCTION NO. 33.

*United States v. Demerjian*, 98 CR 789 (Zagel, J.); *United States v. Dawson, et al.*, No. 92 CR 1084 (Kocoras, J.); *United States v. Trevino*, No. 90 Cr 799 (Aspen, J.); *United States v. Ford*, No. 85 CR 393 (Williams, J.)

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court. A form of verdict has been prepared for you. [Form of verdict read.] Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the form, and each of you will sign it.

GOVERNMENT INSTRUCTION NO. 34.

Seventh Circuit Committee (1999) 7.01

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the courtroom security officer.

GOVERNMENT INSTRUCTION NO. 35.

Seventh Circuit Committee (1999) 7.05

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

All twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 36.

Seventh Circuit Committee (1999) 7.06

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.  03 CR 928 |
| v. | ) | |
| | ) | Honorable Milton I. Shadur |
| RYAN EVANS | ) | |

# **V E R D I C T**

## **COUNT ONE**

We the jury find defendant RYAN EVANS, on Count One of the indictment:

GUILTY        _____                    NOT GUILTY        _____

If you find the defendant GUILTY with respect to Count One, you must answer the following question:

We the jury find that, as to Count One, the following illegal profit has been proved beyond a reasonable

doubt:

$ \$_____ $

## **COUNT TWO**

We the jury find defendant RYAN EVANS, on Count Two of the indictment:

GUILTY        _____                    NOT GUILTY        _____

If you find the defendant GUILTY with respect to Count Two, you must answer the following question:

We the jury find that, as to Count Two, the following illegal profit has been proved beyond a reasonable

doubt:

$ \$_____ $

## COUNT THREE

We the jury find defendant RYAN EVANS, on Count Three of the indictment:

GUILTY _____          NOT GUILTY _____

If you find the defendant GUILTY with respect to Count Three, you must answer the following question:

We the jury find that, as to Count Three, the following illegal profit has been proved beyond a reasonable

doubt:

$_____

## COUNT FOUR

We the jury find defendant RYAN EVANS, on Count Four of the indictment:

GUILTY _____          NOT GUILTY _____

If you find the defendant GUILTY with respect to Count Four, you must answer the following question:

We the jury find that, as to Count Four, the following illegal profit has been proved beyond a reasonable

doubt:

$_____

## COUNT FIVE

We the jury find defendant RYAN EVANS, on Count Six of the indictment:

     GUILTY     \_\_\_\_\_             NOT GUILTY     \_\_\_\_\_

If you find the defendant GUILTY with respect to Count Five, you must answer the following question:

We the jury find that, as to Count Five, the following illegal profit has been proved beyond a reasonable

doubt:

     $_____


## COUNT SIX

We the jury find defendant RYAN EVANS, on Count Six of the indictment:

     GUILTY     \_\_\_\_\_             NOT GUILTY     \_\_\_\_\_

If you find the defendant GUILTY with respect to Count Six, you must answer the following question:

We the jury find that, as to Count Six, the following illegal profit has been proved beyond a reasonable

doubt:

     $_____

## COUNT SEVEN

We the jury find defendant RYAN EVANS, on Count Seven of the indictment:

GUILTY     \_\_\_\_\_          NOT GUILTY     \_\_\_\_\_

If you find the defendant GUILTY with respect to Count Seven, you must answer the following question:

We the jury find that, as to Count Seven, the following illegal profit has been proved beyond a reasonable doubt:

$_____

.

_____          _____
FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____
Date

## CERTIFICATE OF SERVICE

I, Thomas W. Szromba, Assistant United States Attorney, hereby certify that, on September 2,

2004, I caused a copy of the foregoing to be delivered by e-mail and by hand to the following counsel

for the defendant:

      John F. Murphy
      Federal Defender Program
      55 E. Monroe Street, Suite 2800
      Chicago, IL  60603
      FAX: (312) 621-8399
      (Counsel for Defendant Evans)


Thomas W. Szromba